**FILED**
U. S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

AUG 2 8 2020

JAMES W. McCORMACK, CLERK
By:_____
‾‾‾‾‾‾‾‾ DEP CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS
## NORTHERN DIVISION

**UNITED STATES OF AMERICA**                                    **PLAINTIFF**

**VS.**                          **CIVIL ACTION No.** 3:20-cv-257-JM

**MICHAEL W. NEWSOM and**
**LESLEY L. NEWSOM** This case assigned to District Judge _Moody_   **DEFENDANTS**
                    and to Magistrate Judge _Volpe_

### COMPLAINT FOR FORECLOSURE

Comes now the United States of America, represented herein by Cody Hiland, United States

Attorney for the Eastern District of Arkansas, and the undersigned Assistant United States

Attorney, and for its Complaint for Foreclosure filed herein would state and allege that:

1.      This Court has jurisdiction, pursuant to the provisions of 28 U.S.C. §1345, by

reason of the fact that this is a civil action brought by the United States of America, on behalf of

the Farm Service Agency, an agency within the United States Department of Agriculture.

2.      Defendants Michael W. Newsom and Lesley L. Newsom are married, adult

residents of Greene County, Arkansas, who may be served with process of Plaintiff's Complaint

for Foreclosure at Defendants' Principal Residence: 2409 Cupp Road, Paragould, AR 72450.

3.      The United States seeks to foreclose upon certain real property that is situated in

Greene County, Arkansas, within the jurisdiction of this Court. The property, twenty-seven point

six (27.6) acres which is the subject of this cause of action ("FSA Property"), is located at Greene

County Road 611, Paragould, Arkansas, 72450, and is more particularly as follows:

> Tract B: That part of the Northwest Quarter of the Northeast Quarter of Section
> 9, Township 17 North, Range 5 East, described as follows: Beginning at the
> Northeast corner of the Northwest Quarter of the Northeast Quarter; run thence
> South 00 degrees 23 minutes West 645.5 feet; run thence South 89 degrees 40
> minutes West 1318.7 feet; run thence North 00 degrees 51 minutes East 652.7
> feet; run thence North 88 degrees 55 minutes East 1313.6 feet to the true point of

beginning, containing 20 acres, more or less.

Tract C: That part of the Northeast Quarter of the Northeast Quarter of Section 9, Township 17 North, Range 5 East, described as follows: Beginning at the Southeast corner of sad tract; run thence South 89 degrees 51 minutes West 984.9 feet to the true point of beginning; thence continue South 89 degrees 41 minutes East 337.5 feet; run thence South 00 degrees 23 minutes West 977.1 feet to the true point of beginning, containing 7 acres, more or less.

4.    For valuable consideration and to receive loan assistance from the Farm Service Agency, Defendants executed and delivered to the United States of America a Promissory Note dated July 15, 2005, and more particularly described below:

| Loan Type | Date of Note | Principal Amount | Interest Rate | Terms |
|---|---|---|---|---|
| 41-01 | July 15, 2005 | $85,000.00 | 5.125% | 40 annual installments in the amount of $4,954.00 beginning July 1, 2006 |

Copies of the Promissory Note heretofore described, which is owned and held by the United States of America, is attached hereto and incorporated herein as Exhibit A.

5.    Concurrently with the execution of said Promissory Note and for the purpose of securing the indebtedness set forth above, Defendants executed and acknowledged in the manner required by Arkansas law and delivered to the Farm Service Agency the following described Real Estate Mortgage for Arkansas, more particularly described below:

| Date of Mortgage | Date of Filing | Filing Information |
|---|---|---|
| July 15, 2005 | July 18, 2005 | Filed in the real estate records in the Office of the Circuit Clerk and Ex-Officio Recorder of Greene County, Arkansas as Document No. 200506524. |

That by execution of the Mortgage Defendants conveyed to the United States of America, a priority secured mortgage lien on the FSA Property described therein and situated in Greene County, Arkansas. A copy of the Mortgage is attached hereto and incorporated herein as Exhibit B.

6.     As of August 14, 2019, after allowing all credits thereon, there remains due and owing to the United States of America the total amount of $126,202.91. Said sum includes $84,155.20 unpaid principal, plus accrued interest in the amount of $42,047.71, with interest accruing thereafter at the rate of $11.8163 per day. The account is $49,985.00 behind schedule. A copy of the Statement of Account for the Farm Service Agency is attached hereto and incorporated herein as Exhibit C.

7.     The Defendants have violated the covenants of the Note and Mortgage and by reason of such default, Plaintiff has decided to exercise its right of acceleration and declare the entire unpaid balance, including principal and interest, immediately due and payable. Despite repeated demands, Defendants have refused, failed and neglected to pay the balance due. That all conditions precedent have been performed and amicable demand has been made, but without avail. A copy of the Notice of Acceleration is attached hereto and incorporated herein as Exhibit D.

8.     The United States of America desires to obtain an *in rem* judgment on the Promissory Note and Mortgage, and to enforce its judgment through the seizure and sale of the real estate described above, pursuant to a Decree of Foreclosure.

WHEREFORE, Plaintiff requests that:

1.      Plaintiff be awarded *in rem* judgment for the above-stated amount against the above-described real property, and if the judgment is not paid within ten (10) days, that the property be sold pursuant to order of this Court; and that such sale be adjudged to constitute a permanent bar to all right, title, claim, and interest, including all rights or equities of redemption, dower, curtesy and homestead, if any, of each of the Defendants, in and to the real property described in paragraph 3 above.

2.      The Court retain jurisdiction of this action for the purpose of issuing such orders and writs as may be required to put the purchaser at sale in possession of the property;

3.      Plaintiff have such additional relief as may be proper and recover its costs herein.

Respectfully submitted,

CODY HILAND
United States Attorney

By _____
Richard M. Pence, Jr. (AR Bar No. 69059)
Assistant United States Attorney
Eastern District of Arkansas
425 West Capitol Avenue, 5th Floor
P.O. Box 1229
Little Rock, AR 72203-1229
Telephone:     (501) 340-2600
Facsimile:     (501) 340-2730
Email:         Richard.Pence@usdoj.gov

REPRODUCE LOCALLY. Include form number and date on all reproductions.

**FSA-1940-17**
(10-26-99)

U.S. DEPARTMENT OF AGRICULTURE
Farm Service Agency

## PROMISSORY NOTE

**8. KIND OF LOAN**

Type: FO    [X] Regular

[ ] Limited Resource

Pursuant to:

[X] Consolidated Farm & Rural Development Act

[ ] Emergency Agricultural Credit Adjustment Act of 1978

| | |
|---|---|
| **1. Name** MICHAEL W. NEWSOM AND LESLEY L. NEWSOM | |
| **2. State** ARKANSAS | **3. County** GREENE |
| **4. Case Number** 03-028-0432370882 | **5. Date** JULY 15, 2005 |
| **6. Fund Code** 41 | **7. Loan Number** 02 |

**9. ACTION REQUIRING NOTE**

| | | | |
|---|---|---|---|
| [X] | Initial loan | [ ] | Rescheduling |
| [ ] | Subsequent loan | [ ] | Reamortization |
| [ ] | Consolidated & subsequent loan | [ ] | Credit sale |
| [ ] | Consolidation | [ ] | Deferred payments |
| [ ] | Conservation easement | [ ] | Debt write down |

FOR VALUE RECEIVED, the undersigned Borrower and any cosigners jointly and severally promise to pay to the order of the United States of America, acting through the Farm Service Agency, United States Department of Agriculture, (herein called the "Government"), or its assigns, at its office in PARAGOULD, ARKANSAS

_____ , or at such other place as the Government may later designate in writing, the principal sum of

EIGHTY-FIVE THOUSAND AND NO/100------------------------------------------------------------------ dollars

($_____ 85,000.00 ), plus interest on the unpaid principal balance at the **RATE** of

FIVE AND ONE-EIGHTH _____ percent ( 5.125 %) per annum and

N/A _____ dollars ($_____ -0- )

of Noncapitalized interest. If this note is for a Limited Resource loan (indicated in the "Kind of Loan" box above) the Government may **CHANGE THE RATE OF INTEREST**, in accordance with regulations of the Farm Service Agency, not more often than quarterly, by giving the Borrower thirty (30) days prior written notice by mail to the Borrower's last known address. The new interest rate shall not exceed the highest rate established in regulations of the Farm Service Agency for the type of loan indicated above.

Principal and interest shall be paid in _____ FORTY _____ installments as indicated below, except as modified by a different rate of interest, on or before the following dates:

$_____ 4,954.00 on JULY 1. 2006 _____ ; $_____ N/A on _____ ;

$_____ N/A on _____ ; $_____ N/A on _____ ;

$_____ N/A on _____ ; $_____ N/A on _____ ;

$_____ N/A on _____ ; $_____ N/A on _____ ;

$_____ N/A on _____ ; $_____ N/A on _____ ;

$_____ N/A on _____ ; $_____ N/A on _____ ;

and $_____ 4,954.00 thereafter on JULY 1 _____ of each YEAR _____ until the principal and interest are fully paid except that the final installment of the entire debtedness evidenced hereby, if not sooner paid, shall be due and payable FORTY _____ years from the date of this note, and except that prepayments may be made as provided below. The consideration for this note shall also support any agreement modifying the foregoing schedule of payments.

If the total amount of the loan is not advanced at the time of loan closing, the loan funds shall be advanced to the Borrower as requested by Borrower and approved by the Government. Approval by the Government will be given provided the advance is requested for a purpose authorized by the Government. Interest shall accrue on the amount of each advance from its actual date as shown in the Record of Advances at the end of this note. Borrower authorized the Government to enter the amount(s) and date(s) of such advance(s) in the Record of Advances.

*Position 2*



GOVERNMENT EXHIBIT A

For each rescheduled, reamortized or consolidated note for applications for Primary and Preservation Loan Service Programs received prior to November 28, 1990, interest accrued to the date of this instrument which is more than 90 days overdue shall be added to principal and such new principal shall accrue interest at the rate evidenced by this instrument. For applications for Primary and Preservation Loan Service Programs received on or after November 28, 1990, all unpaid interest accrued to the date of this instrument shall be added to the principal and such new principal shall accrue interest at the rate evidenced by this instrument.

Every payment made on any indebtedness evidenced by this note shall be applied first to a portion of any interest which accrues during the deferral period, second to accrued interest to the date of the payment on the note account and then to the principal. Nonprogram loans are not eligible for deferral.

Prepayments of scheduled installments, or any portion of these installments, may be made at any time at the option of the Borrower. Refunds and extra payments, as defined in the regulations (7 CFR § 1951.8) of the Farm Service Agency according to the source of funds involved, shall, after payment of interest, be applied to the last installments to become due under this note and shall not affect the obligation of Borrower to pay the remaining installments as scheduled in this note.

If the Government at any time assigns this note and insures the payment of it, Borrower shall continue to make payments to the Government as collection agent for the holder. While this note is held by an insured holder, prepayments made by Borrower may, at the option of the Government, be remitted by the Government to the holder promptly or, except for final payment, be retained by the Government and remitted to the holder on an installment due date basis. The effective date of every payment made by Borrower, except payments retained and remitted by the Government on an installment due date basis, shall be the date of the United States Treasury check by which the Government remits the payment to the holder. The effective date of any prepayment retained and remitted by the Government to the holder on an installment due date basis shall be the date of the prepayment by Borrower, and the Government will pay the interest to which the holder is entitled accruing between such date and the date of the Treasury check to the holder.

Any amount advanced or expended by the Government for the collection of this note or to preserve or protect any security for the loan or otherwise expended under the terms of any security agreement or other instrument executed in connection with the loan evidenced by this note, at the option of the Government shall become a part of and bear interest at the same rate as the principal of the debt evidenced by this note and be immediately due and payable by Borrower to the Government without demand.

Property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced by this note shall not be leased, assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government. Unless the Government consents otherwise in writing, Borrower will operate such property as a farm if this is a Farm Ownership loan.

If "Consolidation and subsequent loan," "Debt write down," "Consolidation," "Rescheduling," or "Reamortization" is indicated in the "Action Requiring Note" block in Item 9 above, this note is given to consolidate, reschedule or reamortize, but not in satisfaction of the unpaid principal and interest on the following described note(s) or assumption agreement(s) (new terms):

| FUND CODE/ LOAN NO. | FACE AMOUNT | INTEREST RATE | DATE (include year) | ORIGINAL BORROWER | LAST INSTALL. DUE (include year) |
|---|---|---|---|---|---|
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |

Security instruments taken in connection with the loans evidenced by these described notes and other related obligations are not affected by this consolidating, rescheduling or reamortizing. These security instruments shall continue to remain in effect and the security given for the loans evidenced by the described notes shall continue to remain as security for the loan evidenced by this note, and for any other related obligations.

**REFINANCING (GRADUATION) AGREEMENT:** If at any time it shall appear to the Government that the Borrower may be able to obtain financing from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and period of time, Borrower will, at the Government's request, apply for and accept a loan(s) in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock. The provisions of this paragraph do not apply if the loan represented by this promissory note was made to the Borrower as a non-program loan.

The U.S. Department of Agriculture (USDA) prohibits discrimination in all its programs and activities on the basis of race, color, national origin, gender, religion, age, disability, political beliefs, sexual orientation, and marital or family status. (Not all prohibited bases apply to all programs.) Persons with disabilities who require alternative means for communication of program information (Braille, large print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (voice and TDD). To file a complaint of discrimination, write USDA, Director, Office of Civil Rights, Room 326-W, Whitten Building, 1400 Independence Avenue, SW, Washington, D.C. 20250-9410 or call (202) 720-5964 (voice and TDD). USDA is an equal opportunity provider and employer.

**FSA-1940-17** (10-26-99)                                                                                          Page 3 of 3

   **HIGHLY ERODIBLE LAND AND WETLAND CONSERVATION AGREEMENT:** Borrower recognizes that the loan described in this note will be in default should any loan proceeds be used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as further explained in 7 CFR Part 1940, Subpart G, Exhibit M.  If (1) the term of the loan exceeds January 1, 1990, but not January 1, 1995, and (2) Borrower intends to produce an agricultural commodity on highly erodible land that is exempt from the restrictions of Exhibit M until either January 1, 1990, or two years after the Natural Resources Conservation Service (NRCS) has completed a soil survey for the Borrower's land, whichever is later, the Borrower further agrees that, prior to the loss of the exemption from the highly erodible land conservation restrictions found in 7 CFR Part 12, Borrower must demonstrate that Borrower is actively applying on that land which has been determined to be highly erodible, a conservation plan approved by the NRCS or the appropriate conservation district in accordance with NRCS's requirements.  Furthermore, if the term of the loan exceeds January 1, 1995, Borrower further agrees that Borrower must demonstrate prior to January 1, 1995, that any production of an agricultural commodity on highly erodible land after that date will be done in compliance with a conservation system approved by NRCS or the appropriate conservation district in accordance with NRCS's requirements.

   **DEFAULT:** Failure to pay when due any debt evidenced by this note or perform any covenant of agreement under this note shall constitute default under this and any other instrument evidencing a debt of Borrower owing to, insured or Guaranteed by the Government or securing or otherwise relating to such debt; and default under any such other instrument shall constitute default under this note.  **UPON ANY SUCH DEFAULT,** the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

   This Note is given as evidence of a loan to Borrower made or insured by the Government pursuant to the Consolidated Farm and Rural Development Act, or the Emergency Agricultural Credit Adjustment Act of 1978 and for the type of loan as indicated in the "Kind of Loan" block above.  This Note shall be subject to the present regulations of the Farm Service Agency and to its future regulations not inconsistent with the express provisions of this note.

Presentment, protest, and notice are waived.

(SEAL)

*Michael W. Newsom*
MICHAEL W. NEWSOM                                                        *(Borrower)*

*Lesley L. Newsom*
LESLEY L. NEWSOM

2409 CUPP ROAD

PARAGOULD, AR   72450

## RECORD OF ADVANCES

| AMOUNT | DATE | AMOUNT | DATE | AMOUNT | DATE |
|---|---|---|---|---|---|
| $ 85,000.00 | 07/15/2005 | $ | | $ | |
| $ | | $ | | $ | |
| $ | | $ | | $ | |
| $ | | $ | | $ | |
| | | | **TOTAL** | $ 85,000.00 | |

Position 5

**FSA 1927-1 AR**
(04-01-03)

**UNITED STATES DEPARTMENT OF AGRICULTURE**
Farm Service Agency

**MORTGAGE FOR ARKANSAS**

Doc# 2005506524
Date 07) 2005 09:22:55 AM
I, Ellen Johnson, hereby certify that
this instrument was FILED FOR RECORD
and is RECORDED in the Official Record
in the Date & Time as stamped hereon.
ELLEN JOHNSON, Circuit Clerk
Recorder of GREENE COUNTY
Signed by: R Callahan
Deputy Clerk

THIS MORTGAGE ("instrument") is made on **JULY 15** , 20 **05** . The mortgagor is

MICHAEL W. NEWSOM AND LESLEY L. NEWSOM, his wife

("Borrower") whose mailing address is **2409 CUPP ROAD, PARAGOULD, AR  72450**

. This instrument is given to the United States of America, acting

through the Farm Service Agency, United States Department of Agriculture ("Government") located at **PARAGOULD, AR**

This instrument secures the following promissory notes, assumption agreements, and/or shared appreciation agreements (collectively called "note"), which have been executed or assumed by the Borrower unless otherwise noted, are payable to the Government, and authorize acceleration of the entire debt upon any default:

| Date of Instrument | Principal Amount | Annual Rate of Interest | Due Date of Final Installment |
|---|---|---|---|
| 07/15/2005 | 85,000.00 | 5.125 | 07/15/2045 |

(The interest rate for any limited resource farm ownership or limited resource operating loans secured by this instrument may be increased as provided in Government regulations and the note.)

By execution of this instrument, Borrower acknowledges receipt of all of the proceeds of the loan or loans evidenced by the above note.

This instrument secures to the Government: (1) payment of the note and all extensions, renewals, and modifications thereof; (2) recapture of any amount due under any Shared Appreciation Agreement entered into pursuant to 7 U.S.C. § 2001; (3) payment of all advances and expenditures, with interest, made by the Government, and (4) the obligations and covenants of Borrower set forth in this instrument, the note, and any other loan agreements.

In consideration of any loan made by the Government pursuant to the Consolidated Farm and Rural Development Act, 7 U.S.C. § 1921 et seq. as evidenced by the note, Borrower irrevocably mortgages, grants and conveys to the Government the following described property situated in the State of Arkansas, County or Counties of **GREENE** :

See attached Exhibit A for legal description.

together with all rights (including the rights to mining products, gravel, oil, gas, coal or other minerals), interests, easements, fixtures, hereditaments, appurtenances, and improvements now or later attached thereto, the rents, issues and profits thereof, revenues and income therefrom, all water, water rights, and water stock pertaining thereto, and all payments at any time owing to Borrower by virtue of any sale, lease, transfer, or condemnation of any part thereof or interest therein (collectively called "the property"). This instrument constitutes a security agreement and financing statement under the Uniform Commercial Code and creates a security interest in all items which may be deemed to be personal property, including but not limited to proceeds and accessions, that are now or hereafter included in, affixed, or attached to "the property."

Borrower COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to mortgage, grant and convey the property and that the property is unencumbered, except for encumbrances of record. Borrower warrants and will defend the title to the property against all claims and demands, subject to any encumbrances of record.

This instrument combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform mortgage covering real property.

Initial _MN LN_ date _7-15-05_

FSA 1927-1 AR (04-01-03) *Page 1 of 5*



GOVERNMENT
EXHIBIT
B

200506524
FILED 07/18/2005 09:22:55 AM
ELLEN JOHNSON, CIRCUIT CLERK GREENE COUNTY

UNIFORM COVENANTS. Borrower COVENANTS AND AGREES as follows:

1. **Payment.** Borrower shall pay promptly when due any indebtedness to the Government secured by this instrument.

2. **Fees.** Borrower shall pay to the Government such fees and other charges that may now or later be required by Government regulations.

3. **Application of payments.** Unless applicable law or Government's regulations provide otherwise, all payments received by Government shall be applied in the following order of priority: (a) to advances made under this instrument; (b) to accrued interest due under the note; (c) to principal due under the note; (d) to late charges and other fees and charges.

4. **Taxes, liens, etc.** Borrower shall pay when due all taxes, liens, judgments, encumbrances, and assessments lawfully attaching to or assessed against the property and promptly deliver to the Government without demand receipts evidencing such payments.

5. **Assignment.** Borrower grants and assigns as additional security all the right, title and interest in: (a) the proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or taking by eminent domain or otherwise of any part of the property, or for conveyance in lieu of condemnation; (b) all bonuses, rentals, royalties, damages, delay rentals and income that may be due or become due and payable to the Borrower or Borrower's assigns under any existing or future oil, gas, mining or mineral lease covering any portion of the property; and (c) all rents, issues, profits, income and receipts from the property and from all existing or future leases, subleases, licenses, guaranties and any other agreements for the use and occupancy of any portion of the property, including any extensions, renewals, modifications or substitutions of such agreements. Borrower warrants the validity and enforceability of this assignment.

Borrower authorizes and directs payment of such money to the Government until the debt secured by this instrument is paid in full. Such money may, at the option of the Government, be applied on the debt whether due or not. The Government shall not be obligated to collect such money, but shall be responsible only for amounts received by the Government. In the event any item so assigned is determined to be personal property, this instrument will also be regarded as a security agreement.

Borrower will promptly provide the Government with copies of all existing and future leases. Borrower warrants that as of the date of executing this instrument no default exists under existing leases. Borrower agrees to maintain, and to require the tenants to comply with, the leases and any applicable law. Borrower will obtain the Government's written authorization before Borrower consents to sublet, modify, cancel, or otherwise alter the leases, or to assign, compromise, or encumber the leases or any future rents. Borrower will hold the Government harmless and indemnify the Government for any and all liability, loss or damage that the Government may incur as a consequence of this assignment.

6. **Insurance.** Borrower shall keep the property insured as required by and under insurance policies approved by the Government and, at its request, deliver such policies to the Government. If property is located in a designated flood hazard area, Borrower also shall keep property insured as required by 42 U.S.C. § 4001 et. seq. and Government regulations. All insurance policies and renewals shall include a standard mortgagee clause.

7. **Advances by Government.** The Government may at any time pay any other amounts required by this instrument to be paid by Borrower and not paid by Borrower when due, as well as any cost for the preservation, protection, or enforcement of this lien, as advances for the account of Borrower. Advances shall include, but not be limited to, advances for payments of real property taxes, special assessments, prior liens, hazard insurance premiums, and costs of repair, maintenance, and improvements. All such advances shall bear interest at the same rate as the note which has the highest interest rate. All such advances, with interest, shall be immediately due and payable by Borrower to the Government without demand. No such advance by the Government shall relieve Borrower from breach of Borrower's covenant to pay. Any payment made by Borrower may be applied on the note or any secured debt to the Government, in any order the Government determines.

8. **Protection of lien.** Borrower shall pay or reimburse the Government for expenses reasonably necessary or incidental to the protection of the lien and its priority and the enforcement or compliance with this instrument and the note. Such expenses include, but are not limited to: costs of evidence of title to, and survey of, the property, costs of recording this and other instruments; attorneys' fees; trustees' fees, court costs; and expenses of advertising, selling, and conveying the property.

9. **Authorized purposes.** Borrower shall use the loan evidenced by the note solely for purposes authorized by the Government.

10. **Repair and operation of property.** Borrower shall: (a) maintain improvements in good repair; (b) make repairs required by the Government; (c) comply with all farm conservation practices and farm management plans required by the Government, and (d) operate the property in a good and husbandlike manner. Borrower shall not (e) abandon the property; (f) cause or permit waste, lessening or impairment of the property; or (g) cut, remove, or lease any timber, gravel, oil, gas, coal, or other minerals without the written consent of the Government, except as necessary for ordinary domestic purposes.

11. **Legal compliance.** Borrower shall comply with all laws, ordinances, and regulations affecting the property.

12. **Transfer or encumbrance of property.** Except as provided by Government regulations, the Borrower shall not lease, assign, sell, transfer, or encumber, voluntarily or otherwise, any of the property without the written consent of the Government. The Government may grant consents, partial releases, subordinations, and satisfactions in accordance with Government regulations.

13. **Inspection.** At all reasonable times the Government may inspect the property to ascertain whether the covenants and agreements contained in this instrument are being performed.

14. **Hazardous substances.** Borrower shall not cause or permit the presence, use, disposal, storage, or release of any hazardous substances on or in the property. The preceding sentence shall not apply to the presence, use, or storage on the property of small quantities of hazardous substances that are generally recognized to be appropriate to normal use and maintenance of the property. Borrower covenants that Borrower has made full disclosure of any such known, existing hazardous conditions affecting the property. Borrower shall not do, nor allow anyone else to do, anything affecting the property that is in violation of any federal, state, or local environmental law or regulation. Borrower shall promptly give the Government written notice of any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency

Initial 𝒩𝓛𝓃 date 7-15-05
  𝒢𝓃

2005 5524
FILED 0. 5/2005 09:22:55 AM
ELLEN JOHNSON, CIRCUIT CLERK GREENE COUNTY

or private party involving the property and any hazardous substance or environmental law or regulation of which Borrower has actual knowledge. If Borrower learns, or is notified by any governmental or regulatory authority, that any removal or other remediation of any hazardous substance affecting the property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with applicable environmental law and regulations. As used in this paragraph, "hazardous substances" are those substances defined as toxic or hazardous substances by environmental law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials. As used in this paragraph, "environmental law" means Federal laws and regulations and laws and regulations of the jurisdiction where the property is located that relate to health, safety or environmental protection.

15. **Adjustment; release; waiver; forbearance.** In accordance with Government regulations, the Government may (a) adjust the interest rate, payment, terms or balance due on the loan, (b) increase the mortgage by an amount equal to deferred interest on the outstanding principal balance, (c) extend or defer the maturity of, and renew and reschedule the payments on the note, (d) release any party who is liable under the note from liability to the Government, (e) release portions of the property and subordinate its lien, and (f) waive any other of its rights under this instrument. Any and all of this can and will be done without affecting the lien or the priority of this instrument or Borrower's liability to the Government for payment of the note secured by this instrument unless the Government provides otherwise in writing. HOWEVER, any forbearance by the Government - whether once or often - in exercising any right or remedy under this instrument, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.

16. **Graduation.** If the Government determines that Borrower may be able to obtain a loan from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and periods of time, Borrower will, upon the Government's request, apply for and accept such a loan in sufficient amount to pay the note secured by this instrument and to pay for stock necessary to be purchased in a cooperative lending agency in connection with such loan.

17. **Forfeiture.** Borrower shall be in default if any forfeiture action or proceeding, whether civil or criminal, is begun that in the Government's good faith judgment could result in forfeiture of the property or otherwise materially impair the lien created by this instrument or the Government's security interest. Borrower may cure such default by causing the action or proceeding to be dismissed with a ruling that precludes forfeiture of the Borrower's interest in the property or other material impairment of the lien created by this security instrument or the Government's security interest.

18. **False statement.** Borrower also shall be in default if Borrower, during the loan application process, gave materially false or inaccurate information or statements to the Government (or failed to provide the Government with any material information) in connection with the loan evidenced by the note.

19. **Cross Collateralization.** Default under this instrument shall constitute default under any other security instrument held by the Government and executed or assumed by Borrower. Default under any other such security instrument shall constitute default under this instrument.

20. **Highly erodible land; wetlands.** Any loan secured by this instrument will be in default if Borrower uses any loan proceeds for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as provided in 7 C.F.R. part 1940, subpart G, or any successor Government regulation.

21. **Non-discrimination.** If any part of the loan for which this instrument is given shall be used to finance the purchase, construction or repair of property to be used as an owner-occupied dwelling (herein called "the dwelling") and if Borrower intends to sell or rent the dwelling and has obtained the Government's consent to do so (a) neither Borrower nor anyone authorized to act for Borrower will, after receipt of a bona fide offer, refuse to negotiate for the sale or rental of the dwelling or will otherwise make unavailable or deny the dwelling to anyone because of race, color, religion, sex, national origin, disability, familial status or age, and (b) Borrower recognizes as illegal and hereby disclaims, and will not comply with or attempt to enforce any restrictive covenants on the dwelling relating to race, color, religion, sex, national origin, disability, familial status or age.

22. **Notices.** Notices given under this instrument shall be sent by certified mail unless otherwise required by law. Such notices shall be addressed, unless and until some other address is designated in a notice, in the case of the Government to the State Executive Director of the Farm Service Agency at the mailing address shown above, and in the case of Borrower at the address shown in the Government's Finance Office records (which normally will be the same as the mailing address shown above).

23. **Governing law; severability.** This instrument shall be governed by Federal law. If any provision of this instrument or the note or its application to any person or circumstances is held invalid, such invalidity shall not affect other provisions or applications of this instrument or the note which can be given effect without the invalid provision or application. The provisions of this instrument are severable. This instrument shall be subject to the present regulations of the Government, and to its future regulations not inconsistent with the express provisions hereof. All powers and agencies granted in this instrument are coupled with an interest and are irrevocable by death or otherwise, and the rights and remedies provided in this instrument are cumulative to remedies provided by law.

24. **Successors and assigns; joint and several covenants.** The covenants and agreements of this instrument shall bind and benefit the successors and assigns of Government and Borrower. Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this instrument but does not execute the Note: (a) is co-signing this instrument only to mortgage, grant and convey that Borrower's interest in the property under this instrument; (b) is not personally obligated to pay the sums secured by this instrument; and (c) agrees that the Government and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the terms of this instrument or the note without that Borrower's consent.

25. **No merger.** If this instrument is on a leasehold, Borrower shall comply with all the provisions of the lease. If Borrower acquires fee title to the property, the leasehold and the fee title shall not merge unless the Government agrees to the merger in writing. If the property is conveyed to the Government, title shall not merge (unless the Government elects otherwise) and the lien provided under this instrument shall not be affected by such conveyance.

26. **Time is of the essence.** Time is of the essence in the Borrower's performance of all duties and obligations under this instrument.

Initial _9v/CM_ date _7-15-05_

FSA 1927-1 AR (04-01-03) *Page 3 of 5*

200506524
FILED 07/18/2005  09:22:55 AM
ELLEN JOHNSON, CIRCUIT CLERK GREENE COUNTY

NON-UNIFORM COVENANTS. Borrower further COVENANTS AND AGREES as follows:

**27. Default; death; incompetence; bankruptcy.** Should default occur in the performance or discharge of any obligation in this instrument or secured by this instrument, or should the Borrower die or be declared incompetent, or should the Borrower be discharged in bankruptcy or declared an insolvent or make an assignment for the benefit of creditors, the Government, at its option, with or without notice, may: (a) declare the entire amount unpaid under the note and any debt to the Government hereby secured immediately due and payable, (b) for the account of Borrower incur and pay reasonable expenses for repair or maintenance of, and take possession of, operate or rent the property, (c) upon application by it and production of this instrument, without other evidence and without notice of hearing of said application, have a receiver appointed for the property, with the usual powers of receivers in like cases, (d) foreclose this instrument and sell the property as prescribed by law, and (e) enforce any and all other rights and remedies provided herein or by present or future law.

**28. State law.** Borrower agrees that the Government will not be bound by any present or future State laws, (a) providing for valuation, appraisal, homestead or exemption of the property, (b) prohibiting maintenance of any action for a deficiency judgment or limiting the amount thereof or the time within which such action must be brought, (c) prescribing any other statute of limitations, (d) allowing any right of redemption or possession following any foreclosure sale, or (e) limiting the conditions which the Government may by regulation impose, including the interest it may charge, as a condition of approving a transfer of the property to a new Borrower.  Borrower expressly waives the benefit of any such State laws. And we, MICHAEL W. NEWSOM and LESLEY L. NEWSOM , husband and wife,

for the consideration aforesaid, do hereby release and relinquish unto the mortgagee, its successors and assigns, all of our rights or possibilities of dower, curtesy, and homestead in and to said premises. *(This last sentence will be deleted when not applicable).*

**29. Assignment of leases and rents.** Borrower agrees that the assignment of leases and rents in this instrument is immediately effective on the recording of this instrument. Upon default, the Borrower will receive any rents in trust for the Government, and Borrower will not commingle the rents with any other funds. Any amounts collected shall be applied at the Government's discretion first to costs of managing, protecting and preserving the property, and to any other necessary related expenses. Any remaining amounts shall be applied to reduce the debt evidenced by the note(s). Borrower agrees that the Government may demand that Borrower and Borrower's tenants pay all rents due or to become due directly to the Government if the Borrower defaults and the Government notifies Borrower of the default. Upon such notice, Borrower will endorse and deliver to the Government any payments of rents. If the Borrower becomes subject to a bankruptcy, then Borrower agrees that the Government is entitled to receive relief from the automatic stay in bankruptcy for the purpose of enforcing this assignment.

**30. Application of foreclosure proceeds.** The proceeds of foreclosure sale shall be applied in the following order to the payment of: (a) costs and expenses incident to enforcing or complying with this instrument, (b) any prior liens required by law or a competent court to be so paid, (c) the debt evidenced by the note and all other debt to the Government secured by this instrument, (d) inferior liens of record required by law or a competent court to be so paid, (e) at the Government's option, any other debt of Borrower to the Government, and (f) any balance to Borrower. If the Government is the successful bidder at foreclosure or other sale of all or any part of the property, the Government may pay its share of the purchase price by crediting such amount on any debts of Borrower owing to the Government in the order prescribed above.

By signing below, Borrower accepts and agrees to the terms and covenants contained in this instrument and in any rider executed by Borrower and recorded with this instrument.

_____ (SEAL)     Michael W. Newsom (SEAL)
MICHAEL W. NEWSOM

_____ (SEAL)     Lesley L. Newsom (SEAL)
LESLEY L. NEWSOM

ACKNOWLEDGMENTS

(Individual)

STATE OF ARKANSAS
COUNTY OF  Greene  } ss.

On this 15TH day of JULY 2005 , before me personally appeared MICHAEL W. NEWSOM AND
LESLEY L. NEWSOM to be known to me to be the same whose name is subscribed to the foregoing
instrument, and acknowledged that (he or she) signed and delivered the instruments as (his or her) free and voluntary act, for the uses and purposes set forth.

My commission expires:

7/18/14

NOTARY PUBLIC

*Note: Page 5 of 5 applies to entities only and will not be recorded for individuals.*

FSA 1927-1 AR (04-01-03) *Page 4 of 5*

2005 5524
FILED 8. ./2005 09:22:55 AM
ELLEN JOHNSON, CIRCUIT CLERK GREENE COUNTY

ATTACHMENT "A" TO REAL ESTATE MORTGAGE
DATED JULY 15, 2005

TRACT B:  That part of the Northwest Quarter of the Northeast Quarter of Section 9, Township 17 North, Range 5 East, described as follows:  Beginning at the Northeast corner of the Northwest Quarter of the Northeast Quarter; run thence South 00 degrees 23 minutes West 645.5 feet; run thence South 89 degrees 40 minutes West 1318.7 feet; run thence North 00 degrees 51 minutes East 652.7 feet; run thence North 88 degrees 55 minutes East 1313.6 feet to the true point of beginning.

TRACT C:  That part of the Northeast Quarter of the Northeast Quarter of Section 9, Township 17 North, Range 5 East, described as follows:  Beginning at the Southeast corner of said tract; run thence South 89 degrees 51 minutes West 984.9 feet to the true point of beginning; thence continue South 89 degrees 51 minutes West 337.5 feet; run thence North 00 degrees 23 minutes East 979.8 feet; run thence South 89 degrees 41 minutes East 337.5 feet; run thence South 00 degrees 23 minutes West 977.1 feet  to the true point of beginning.

_____
MICHAEL W. NEWSOM

_____
LESLEY L. NEWSOM

JULY 15, 2005

## STATEMENT OF ACCOUNT

| | | | Grand Total |
|---|---|---|---|
| **Borrower's Name:** | MICHAEL W. NEWSOM | **Date:** 8/14/2019 | |
| **Case Number:** | 03-028-432370882 | **Prepared by:** (Signature) | |
| | | | |
| **Loan Code:** | 41-02 | | |
| **Annual Interest Rate:** | 5.125 | | |
| **Date of Last Payment:** | 11/30/2019 | | |
| **Total Paid In: (Principal)** | $1,289.80 | | $1,289.80 |
| **Total Paid In: (Interest)** | $18,526.20 | | $18,526.20 |
| **Unpaid Principal Balance:** | $84,155.20 | | $84,155.20 |
| **\*\*Accrued Interest as of: 08/14/19** | $42,047.71 | | $42,047.71 |
| **Total Unpaid:** | $126,202.91 | | $126,202.91 |
| **Daily Interest Accrual:** | $11.8163 | | $11.8163 |
| **\*\*\*Status of Account:** | ($49,985.00) | | ($49,985.00) |

\*\*Note: Accrued Interest from DL Screen

\*\*\*When entering accounts that are behind enter a negative amount



GOVERNMENT EXHIBIT
C
PENGAD 800-531-6989



**CERTIFIED MAIL**

7008 1300 0001 3430 8916

United States
Department of
Agriculture

A Service Center
201 W. Court St Rm 225
Paragould, AR 72450-4339

Official Business

RETURN SERVICE REQUESTED

U.S. POSTAGE
PAID
PARAGOULD, AR
SEP 30 '11
AMOUNT
$0.00
0007548209

1000        72450

neopost
09/30/2011
US POSTAGE        $05.59-

ZIP 72450
041L11217780

Michael L. Newsom
2405 Cup Neal
Paragould, Ar 72450

CW 10/1



GOVERNMENT
EXHIBIT
D
PENGAD 800-631-6989

 **USDA**

| United States<br>Department of<br>Agriculture | Farm<br>Service<br>Agency | **GREENE COUNTY OFFICE**<br>**201 W COURT STREET RM 225**<br>**PARAGOULD, ARK 72450**<br>**870-236-6962** |
|---|---|---|



CERTIFIED MAIL  7008 1300 0001 3430 8916

RETURN RECEIPT REQUESTED                    Date  September 29, 2011

SUBJECT:    <u>**NOTICE OF ACCELERATION OF YOUR DEBT TO THE FARM SERVICE**</u>
<u>**AGENCY AND DEMAND FOR PAYMENT**</u>

Michael W. Newsom
2409 Cupp Road
Paragould, Arkansas 72440-9508

 Mr. Newsom:

Please note that the entire indebtedness due on the promissory note(s) and/or assumption
agreement(s) which evidence the loan(s) received by you from the United States of America,
acting through the Farmers Home Administration (now Farm Service Agency), United States
Department of Agriculture is now declared immediately due and payable.  They are described as
follows:

| Date of Instrument | Amount |
|---|---|
| July 15, 2005 | $85,000.00 |
| January 15, 2003 | $22,500.00 |

The promissory note(s) and/or assumption agreement(s) is(are) secured by (real estate
mortgage(s), deed(s) of trust, security agreement(s), financing statements(s), etc.) described
(perfected) as follows:

| Date of Instrument | Place of Recordation | Document No. |
|---|---|---|
| 97.15/2005 | Cir Clk Greene County | 200506624 |
| 01/15/2003 | Cir Clk Greene County | 38 |
| 01/14/2008 | Cir Clk Greene County | Continuation |
| 01/15/2003 | Greene Cty FSA Office | |
| 12/21/2005 | Greene Cty FSA Office | |
| 06/20/2007 | Greene Cty FSA Office | |

This acceleration of your indebtedness is made in accordance with the authority granted in the
above-described instrument(s).

FARM SERVICE AGENCY IS AN EQUAL OPPORTUNITY LENDER/EMPLOYER

The reason(s) for the acceleration of your indebtedness is(are) as follows:

The indebtedness due is $86,551.14 unpaid principal, and $8,244.70 unpaid interest, as of September 29, 2011, plus additional interest accruing at the rate of $12.0068 per day thereafter, plus any advances made by the United States for the protection of its security and interest accruing on any such advances. Unless full payment of your indebtedness is received made by one of the methods described below within 30 days from the date of this letter, the United States will foreclose the above described security instrument(s) and to pursue other available remedies.

(1)  Full payment may be made in any of the following ways:

**(A) CASH**

Payment should be made by cashier's check, certified check, or postal money order payable to the Farm Service Agency and delivered to the Farm Loan Manager of the Farm Service Agency at 201 West Court Street Rm 225, Paragould, Arkansas 72450.  If you submit to the United States any payment insufficient to pay the account in full or insufficient to comply with any arrangements agreed to between the Farm Service Agency and yourself, that payment **WILL NOT CANCEL** the effect of this notice.  If such insufficient payments are received and credited to your account, no waiver or prejudice of any rights which the United States may have for breach of any promissory note or covenant in the security instrument(s) will result and the Farm Service Agency may proceed as though no such payment had been made.

**(B) TRANSFER AND ASSUMPTION**

You may transfer the collateral for your loan(s) to someone who is willing and able to assume the debt.  Contact the Farm Loan Manger immediately if you are interested in this.

**(C) SALE**

You may sell the collateral for your loan(s) for its fair market value and send the proceeds to FSA or to other creditors with liens prior to FSA's lien.  Contact the Farm Loan Manager immediately if you are interested in this.

If you have not been advised of your rights to request deferral of payments or other servicing options you should contact the Farm Loan Manager at the above mentioned address within 15 days of the receipt of this notice.

If you fail to comply with the requirements outlined in this notice within the next 30 days, the United States plans to proceed with foreclosure/liquidation.

**YOU DO NOT HAVE ANY RIGHT TO APPEAL THIS DECISION TO ACCELERATE YOUR FSA DEBT(S) TO ANY OFFICIAL OF THE FARM SERVICE AGENCY.**

UNITED STATES OF AMERICA

ول سرو ى اگ

BY _____

District Director
Farm Service Agency
United States Department
    of Agriculture



CERTIFIED MAIL

United States
Department of
Agriculture

Service Center
W. Court St Rm 225
Paragould, AR 72450-4339

Official Business

RETURN SERVICE REQUESTED

7010 1300 0001 3430 8923

neopost
09 30 2011
US POSTAGE
$05.59
ZIP 72450
041L11217780

724505950A

U.S. POSTAGE
PAID
PARAGOULD, AR
SEP 2450
$0.00
00075482-09

UNITED STATES
POSTAL SERVICE

1000          72450

Sarba S. Newsom
2409 Gulf Road
Paragould, AR 72450

 **USDA**

| United States | Farm | **GREENE COUNTY OFFICE** |
|---|---|---|
| Department of | Service | **201 W COURT STREET RM 225** |
| Agriculture | Agency | **PARAGOULD, ARK 72450** |
| | | **870-236-6962** |

CERTIFIED MAIL  7008 1300 0001 3430 8923/**Regular Mail**

RETURN RECEIPT REQUESTED                    Date  September 29, 2011

SUBJECT:     **NOTICE OF ACCELERATION OF YOUR DEBT TO THE FARM SERVICE
                      AGENCY AND DEMAND FOR PAYMENT**

Lesley L.. Newsom
2409 Cupp Road
Paragould, Arkansas 72440-9508


 Mrs. Newsom:

Please note that the entire indebtedness due on the promissory note(s) and/or assumption
agreement(s) which evidence the loan(s) received by you from the United States of America,
acting through the Farmers Home Administration (now Farm Service Agency), United States
Department of Agriculture is now declared immediately due and payable.  They are described as
follows:

| Date of Instrument | Amount |
|---|---|
| July 15, 2005 | $85,000.00 |
| January 15, 2003 | $22,500.00 |

The promissory note(s) and/or assumption agreement(s) is(are) secured by (real estate
mortgage(s), deed(s) of trust, security agreement(s), financing statements(s), etc.) described
(perfected) as follows:

| Date of Instrument | Place of Recordation | Document No. |
|---|---|---|
| 97.15/2005 | Cir Clk Greene County | 200506624 |
| 01/15/2003 | Cir Clk Greene County | 38 |
| 01/14/2008 | Cir Clk Greene County | Continuation |
| 01/15/2003 | Greene Cty FSA Office | |
| 12/21/2005 | Greene Cty FSA Office | |
| 06/20/2007 | Greene Cty FSA Office | |

This acceleration of your indebtedness is made in accordance with the authority granted in the
above-described instrument(s).

FARM SERVICE AGENCY IS AN EQUAL OPPORTUNITY LENDER/EMPLOYER

The reason(s) for the acceleration of your indebtedness is(are) as follows:

The indebtedness due is $86,551.14 unpaid principal, and $8,244.70 unpaid interest, as of September 29, 2011, plus additional interest accruing at the rate of $12.0068 per day thereafter, plus any advances made by the United States for the protection of its security and interest accruing on any such advances. Unless full payment of your indebtedness is received made by one of the methods described below within 30 days from the date of this letter, the United States will foreclose the above described security instrument(s) and to pursue other available remedies.

(1)  Full payment may be made in any of the following ways:

## (A) CASH

Payment should be made by cashier's check, certified check, or postal money order payable to the Farm Service Agency and delivered to the Farm Loan Manager of the Farm Service Agency at 201 West Court Street Rm 225, Paragould, Arkansas 72450.  If you submit to the United States any payment insufficient to pay the account in full or insufficient to comply with any arrangements agreed to between the Farm Service Agency and yourself, that payment **WILL NOT CANCEL** the effect of this notice.  If such insufficient payments are received and credited to your account, no waiver or prejudice of any rights which the United States may have for breach of any promissory note or covenant in the security instrument(s) will result and the Farm Service Agency may proceed as though no such payment had been made.

## (B) TRANSFER AND ASSUMPTION

You may transfer the collateral for your loan(s) to someone who is willing and able to assume the debt.  Contact the Farm Loan Manger immediately if you are interested in this.

## (C) SALE

You may sell the collateral for your loan(s) for its fair market value and send the proceeds to FSA or to other creditors with liens prior to FSA's lien.  Contact the Farm Loan Manager immediately if you are interested in this.

If you have not been advised of your rights to request deferral of payments or other servicing options you should contact the Farm Loan Manager at the above mentioned address within 15 days of the receipt of this notice.

If you fail to comply with the requirements outlined in this notice within the next 30 days, the United States plans to proceed with foreclosure/liquidation.

**YOU DO NOT HAVE ANY RIGHT TO APPEAL THIS DECISION TO ACCELERATE YOUR FSA DEBT(S) TO ANY OFFICIAL OF THE FARM SERVICE AGENCY.**

UNITED STATES OF AMERICA

BY_____ Jee Mason

District Director
Farm Service Agency
United States Department
    of Agriculture

JS 44 (Rev. 02/19)

# CIVIL COVER SHEET

3:20-cv-257-JM

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
UNITED STATES OF AMERICA

## DEFENDANTS
Michael W. Newsome and Lesley L. Newsom

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
RICHARD PENCE, Jr. United States Attorney's Office

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☒ 1  U.S. Government Plaintiff
☐ 2  U.S. Government Defendant
☐ 3  Federal Question *(U.S. Government Not a Party)*
☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Personal Injury - Medical Malpractice | ☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br><br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 835 Patent - Abbreviated New Drug Application<br>☐ 840 Trademark | ☐ 375 False Claims Act<br>☐ 376 Qui Tam (31 USC 3729(a))<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 485 Telephone Consumer Protection Act<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/Exchange |
| | **PERSONAL INJURY**<br>☐ 365 Personal Injury - Product Liability<br>☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | **LABOR**<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Management Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement Income Security Act | **SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br><br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 893 Environmental Matters<br>☐ 895 Freedom of Information Act<br>☐ 896 Arbitration<br>☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision<br>☐ 950 Constitutionality of State Statutes |
| **REAL PROPERTY**<br>☐ 210 Land Condemnation<br>☒ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | **CIVIL RIGHTS**<br>☐ 440 Other Civil Rights<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/Accommodations<br>☐ 445 Amer. w/Disabilities - Employment<br>☐ 446 Amer. w/Disabilities - Other<br>☐ 448 Education | **PRISONER PETITIONS**<br>**Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee - Conditions of Confinement | **IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration Actions | |

## V. ORIGIN *(Place an "X" in One Box Only)*
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation - Transfer
☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C.A. §1345
Brief description of cause:
8. Defendants have violated the covenants of the Promissory Notes, the Security Agreement, and Mortgage for An

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____  DOCKET NUMBER _____

DATE 08/28/2020

SIGNATURE OF ATTORNEY OF RECORD  *Richard M. Pence Jr.*

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____